# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALFREDO CRESPIN, OTHMAN DAHANE, PAUL FOUGHT, CONSOLUTA CAMA KINSEY and ROBERT SHEEHAN,**

   **Plaintiffs,**

**v.**                Case No: 6:16-cv-276-Orl-31DCI

**TERRY L. RHODES,**

   **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss the Third Amended Complaint (Doc. 53) filed by the Defendant, Terry L. Rhodes ("Rhodes"), and the response in opposition (Doc. 54) filed by the Plaintiffs.

The Plaintiffs are Florida residents whose driver's licenses have been suspended. Rhodes is the executive director of the Florida Department of Highway Safety and Motor Vehicles (henceforth, the "DMV"). The Plaintiffs argue that the license-suspension review procedure set forth in Fla. Stat. § 322.2615 does not provide for a constitutionally adequate post-deprivation hearing. They assert two claims under 42 U.S.C. § 1983 to challenge what they contend to be a denial of their rights to due process. In Count I, the Plaintiffs sue Rhodes in her official capacity, seeking a declaratory judgment that the DMV's license-suspension procedures are unconstitutional. In Count II, Rhodes is sued for damages in her individual capacity.

On September 22, 2016, the Court entered an order (Doc. 48) dismissing the Plaintiffs' Second Amended Complaint, which contained essentially the same two counts as the current

pleading.  Count I, the declaratory judgment count, was dismissed for lack of standing.  Relying on cases such as *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983),[1] the Court found that the Plaintiffs "failed to allege facts that make it appear substantially likely that they will suffer injury in the future as a result of the DMV's allegedly unconstitutional license-deprivation procedures."  (Doc. 48 at 7).  In the Third Amended Complaint, the Plaintiffs added the following language to Count I (which otherwise remains unchanged):

> Plaintiffs are citizens of the State of Florida. The suspensions of their drivers' licenses as described herein are of limited duration, under the statutory schemes described herein, and the driver's license of each Plaintiff will be reinstated before the termination of this case. Each Plaintiff has the right to drive in the future in the State of Florida with a valid driver's license under a constitutional statutory framework and the unconstitutional statutory scheme imposed by Defendant prevents them from the enjoyment of that right.

(Doc. 52 at 25-26).

The additional language is not enough to cure the Plaintiffs' standing problem.  It does make it more clear that the Plaintiffs will have drivers' licenses in the future.  While this makes it possible for them to suffer a future deprivation of their rights to due process at the hands of the DMV, it does nothing to make it appear *substantially likely* that they will suffer such a deprivation.  Without a substantial likelihood of future injury, the Plaintiffs lack standing to seek equitable relief.  Count I will be dismissed with prejudice.

---

[1] In their response, the Plaintiffs attempt to distinguish *Lyons* from the instant case, noting that the plaintiff in that case sought an injunction while they are seeking a declaratory judgment.  (Doc. 54 at 2-4).  However, while *Lyons* is an injunction case, the standing requirement it articulates applies to plaintiffs seeking other forms of equitable relief, such as declaratory judgments.  *See, e.g.*, *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (in declaratory judgment case, stating that to establish standing, plaintiff must allege facts showing that controversy is continuing and "create[s] a definite, rather than speculative, threat of future injury.").

Count II of the Second Amended Complaint, which was brought against Rhodes in her individual capacity, was dismissed because the Plaintiffs had not alleged that "Rhodes, personally, took any action whatsoever, much less that she affirmatively acted to deny due process to any of these Plaintiffs."   (Doc. 48 at 8).   As the Court noted,

> The fact that Rhodes is the executive director of the agency that (allegedly) violated the Plaintiffs' constitutional rights is not enough, on its own, to assert a claim against Rhodes in her individual capacity.   That fact, however, is all that the Plaintiffs have alleged.

(Doc. 48 at 8-9).

With one exception, Count II of the Third Amended Complaint remains the same as it was in the Second Amended Complaint.   That one exception is the following language, which was added to Count II in the latest pleading:

> Rhodes has personally ignored the clear Constitutional mandate of the United States Supreme Court with respect to the obligation of a state to provide adequate post-deprivation remedies for Florida residents whose drivers' licenses are suspended for violation of Florida Statutes 316.193 and 316.193(1). Any reasonable person in charge of an agency such as the Florida Department of Highway Safety and Motor Vehicles would conclude that the current statutory scheme imposed by the State of Florida is unconstitutional in light of decisional case law from the United States Supreme Court.

(Doc. 52 at 26-27).   Again, the Plaintiffs have not cured the problem that led to the dismissal of this count from the Second Amended Complaint.   Even with this additional language, the Plaintiffs have not shown that Rhodes acted affirmatively to deny any of them their constitutional rights.   As such, they have not stated a claim against her in her individual capacity.   Count II will also be dismissed with prejudice.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss the Third Amended Complaint (Doc. 53) is **GRANTED**, and the Third Amended Complaint is **DISMISSED WITH PREJUDICE**, as set forth above.   The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 22, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE